UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRANDON N.,

          Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. C20-5051-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by discounting his subjective testimony and assessing the medical evidence. (Dkt. # 8 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.    BACKGROUND

Plaintiff was born in 1985, has an 8th-grade education and some online college coursework, and previously worked in the infantry of the U.S. Army and as a logger. AR at 43. Plaintiff was last gainfully employed in February 2012. *Id*. at 188.

ORDER - 1

In September 2018, Plaintiff applied for benefits, alleging disability as of February 12, 2012. AR at 165-66. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id*. at 92-94, 101-09. After the ALJ conducted a hearing in August 2019 (*id*. at 30-58), the ALJ issued a decision finding Plaintiff not disabled. *Id*. at 15-25.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff did not engage in substantial gainful activity between the time of his alleged onset date through his date last insured ("DLI").

Step two: Through the DLI, Plaintiff had the following severe impairments: degenerative disc disease; neuropathy; obesity; depression; and post-traumatic stress disorder ("PTSD"), status post traumatic brain injury ("TBI").

Step three: Through the DLI, these impairments did not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity ("RFC"): Through the DLI, Plaintiff could perform light work, with additional limitations: he could stand and walk for about four hours and sit for about six hours, in an eight-hour workday with normal breaks. He could occasionally stoop, kneel, crouch, and crawl, and frequently handle. He could understand, remember, and carry out simple, routine tasks and follow short, simple instructions. He could perform work that requires little or no judgment and could perform simple duties that can be learned on the job in a short period. He could cope with occasional work setting change and occasional routine interaction with supervisors. He could work in proximity to co-workers, but not in a team or cooperative effort, and could perform work that does not require interaction with the general public as an essential element of the job. Occasional incidental contact with the general public was not precluded.

Step four: Through the DLI, Plaintiff could not perform past relevant work.

Step five: Through the DLI, jobs existed in significant numbers in the national economy that Plaintiff could perform, and therefore Plaintiff was not disabled.

AR at 15-25.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

Commissioner to this Court.

## III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. The ALJ Erred in Assessing Plaintiff's Subjective Testimony

The ALJ indicated that she discounted Plaintiff's subjective testimony, but did not specify any particular reasons to do so. AR at 20-22. Instead, the ALJ summarized the objective medical evidence and explained how she crafted her RFC assessment in the context of that

ORDER - 3

1  record. *Id*. This discussion does not satisfy the ALJ's obligation to provide clear and convincing
2  reasons to discount Plaintiff's testimony, as imposed by the Ninth Circuit. *See Brown-Hunter v.*
3  *Colvin*, 806 F.3d 487, 493-94 (9th Cir. 2015) (ALJ failed to provide specific reasons, allowing
4  for meaningful review where "she simply stated her non-credibility conclusion and then
5  summarized the medical evidence supporting her RFC determination".)

6        The Commissioner attempts to flesh out the ALJ's decision in arguing that the ALJ did
7  provide legally sufficient reasons to discount Plaintiff's testimony. For example, the
8  Commissioner notes that Plaintiff reported that his pain was his primary barrier to working, and
9  yet the ALJ pointed to evidence showing that Plaintiff was able to drive, walk uphill in
10 downtown Seattle, and care for his son and pets. (Dkt. # 9 at 4-5). But the ALJ did not cite these
11 activities as a reason to discount Plaintiff's testimony: the ALJ stated that she accounted for
12 Plaintiff's pain and neuropathy by restricting Plaintiff to performing light work with reduced
13 standing and/or walking restrictions, as well as postural limitations. AR at 21.

14       The Commissioner also contends that the ALJ cited Plaintiff's improvement with
15 medication as a reason to discount his allegations, but no such finding appears in the ALJ's
16 decision. Again, the ALJ did mention Plaintiff's various forms of treatment, but did not find that
17 Plaintiff's success with treatment undermined his allegations of pain: instead, she explained how
18 she accounted for Plaintiff's pain in the RFC assessment. AR at 21.

19       The Commissioner goes on to contend that the ALJ found that the objective evidence
20 contradicts Plaintiff's allegations. (Dkt. # 9 at 5-6.) The ALJ did state that the medical evidence
21 is not entirely consistent with Plaintiff's allegations in her boilerplate paragraph (AR at 20-21),
22 but did not go on to identify any particular contradictions or inconsistencies between Plaintiff's
23 allegations and the evidence. The ALJ's summary of the objective evidence may identify

ORDER - 4

substantial evidence that supports the ALJ's RFC assessment, but it does not suffice as a clear and convincing reason to discount Plaintiff's subjective allegations.

Lastly, the Commissioner argues that the ALJ pointed to unremarkable mental status examinations and Plaintiff's own reports of only mild to moderate mental symptoms as a reason to discount his allegations of mental limitations. (Dkt. # 9 at 6-7.) The ALJ did not summarize Plaintiff's alleged mental symptoms or contrast them with the evidence, but merely summarized the mental health records and restated her RFC restrictions. AR at 22. Again, this type of discussion does not constitute a clear and convincing reason to discount Plaintiff's allegations.

Accordingly, on remand the ALJ should reconsider Plaintiff's subjective testimony and either credit it or provide legally sufficient reasons to discount it.

**B.      The ALJ Erred in Assessing the Medical Evidence**

Plaintiff argues that the ALJ erred in failing to account for all of his limitations in the RFC assessment and hypothetical posed to the vocational expert. Specifically, Plaintiff argues that the ALJ erred in failing to include limitations caused by his PTSD, incontinence issues, chronic pain, and traumatic brain injury TBI. The Court will consider each of these conditions in turn.

*1.      PTSD*

Plaintiff argues that the ALJ erred in failing to account for the limitations caused by his PTSD, as identified by examining psychologist Bruce Tapper, Ph.D. Dr. Tapper opined that Plaintiff "demonstrates significant symptoms of service connected [PTSD,]" such that his "anxiety, panic attacks, flashbacks, depression, and irritability are severe enough that it would impair his ability to work in any situation." AR at 391. The ALJ found this opinion to be

ORDER - 5

1  unpersuasive because it was inconsistent with Dr. Tapper's largely normal mental status
2  examination and not "generally supported by the longitudinal record." *Id*. at 23.

3  Dr. Tapper's mental status examination findings were indeed essentially normal (AR at
4  389-90), but a mental status examination does not assess the type of PTSD symptoms that Dr.
5  Tapper described. Accordingly, the ALJ's finding of inconsistency is not a reasonable
6  interpretation of the record.

7  However, the ALJ also found that Dr. Tapper's opinion was not supported by the
8  longitudinal record, and the Court finds that this is a reasonable interpretation, given the contrary
9  opinion of examining psychologist Shephali Gupta, Psy.D., as well as the treatment notes
10 wherein Plaintiff denied severe PTSD symptoms. *See, e.g.*, AR at 255-59, 286, 289, 319, 417.
11 Thus, the ALJ's finding that Dr. Tapper's conclusion is not supported by the record is supported
12 by substantial evidence and Plaintiff has not shown that the ALJ erred in discounting Dr.
13 Tapper's opinion or in excluding from the RFC assessment the limitations Dr. Tapper described.

14      2. *Incontinence*

15  The ALJ did not discuss any incontinence concerns in the decision. The Commissioner
16 argues that there is no evidence in the record that Plaintiff's incontinence issues amounted to a
17 medically determinable impairment, and Plaintiff points to evidence mentioning his own reports
18 of incontinence, but no objective evidence showing that the incontinence constitutes a medically
19 determinable impairment. (Dkt. # 10 at 7 (citing AR at 41, 303, 307, 391, 441-435, 447).) An
20 ALJ must account for all limitations caused by a claimant's medically determinable impairments,
21 even those that are non-severe, but Plaintiff has failed to meet his burden to show that his
22 incontinence constituted a medically determinable impairment. *See* 20 C.F.R. § 404.1545(a)(2).
23

ORDER - 6

Therefore, the ALJ did not err in failing to account for any limitations caused this condition in the RFC assessment.

### 3.   TBI

Two examining physicians recommended that Plaintiff receive additional testing to determine the extent of the impact of his prior TBI on his cognitive functioning. AR at 258 ("Claimant's medical and psychological records ought to be gathered and reviewed to determine the extent and location of the TBI, and obtain a richer history of his alleged symptoms in order to provide a more specific diagnosis. Complete cognitive testing is warranted due to claimant's history of TBI and alleged symptoms."), 391 ("[Plaintiff's] TBI symptoms did not appear to be causing significant memory impairment or concentration difficulties during the current examination but this would require further testing to determine the extent of any cognitive impairment.").

An ALJ has a "special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). That duty includes development of relevant medical history. 20 C.F.R. § 404.1512 (d). However, "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).

In this case, Plaintiff's examining sources opined that the record was inadequate to allow for proper evaluation of the case, and the ALJ did not address their recommendations to further develop the record regarding Plaintiff's TBI. Plaintiff argues that the ALJ breached the duty to develop the record by failing to order a consultative examination to develop the record regarding his TBI.

ORDER - 7

The Court agrees with Plaintiff, because the medical sources specifically found that further development of the record was "warranted" and "require[d]." The Commissioner's attempt to characterize these findings as merely doctors "hedging their opinions" is unpersuasive. (Dkt. # 9 at 11.) On remand, the ALJ shall further develop the record regarding Plaintiff's TBI.

### 4. *Chronic Pain*

Plaintiff notes that the records contain reference to a chronic pain syndrome diagnosis and that he complained repeatedly of disabling pain. (Dkt. # 8 at 8-9.) Although the Commissioner contends that the ALJ properly assessed the reliability of Plaintiff's pain complaints (dkt. # 9 at 12-14), as discussed *supra*, the Court finds that the ALJ's assessment of Plaintiff's subjective statements requires reconsideration on remand. Thus, on remand the ALJ shall reconsider Plaintiff's allegations of *inter alia* chronic pain.

## V.   CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED, and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider Plaintiff's subjective testimony (including his allegations of chronic pain), and further develop the record regarding the extent and impact of Plaintiff's TBI.

Dated this 12th day of August, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge